FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA

15 FEB -4 AM 10: 25

OFFICE OF THE CLERK

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WILLIAM M.W. SHARP, d/b/a ADAMS BROS. & CO., | CASE NO. 7:14-CV-05014 |
| Plaintiff, | |
| v. | STIPULATED PROTECTIVE ORDER |
| CHERRY-TODD ELECTRIC COOP, INC., | |
| Defendant. | |

The parties to this action anticipate that they will seek information that may be designated as containing confidential, proprietary, business, commercial, technical, scientific, financial, personnel, and/or trade secrets information that is not generally known and that the designating party would not normally reveal to third parties or would cause third parties to maintain in confidence, or information, the present disclosure of which would, in the good faith judgment of the designating party, be detrimental to the designating party in the conduct of its business. To protect the confidentiality of confidential information sought to be discovered in this action, Plaintiff and Defendant, through their undersigned counsel, jointly request that the Court enter this Stipulated Protective Order. Accordingly, IT IS ORDERED that the Stipulated Protective Order ("Protective Order") is granted and entered as follows:

1. This Stipulated Protective Order shall govern the use, handling, and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Stipulated Protective Order in accordance with the terms hereof.

2. Any party or non-party producing, serving, or filing documents or other materials in this action ("Producing Party") may designate any discovery materials as "Confidential" under the terms of this Stipulated Protective Order if the Producing Party believes in good faith that such Discovery Materials contain non-public, confidential, proprietary, or commercially or personally sensitive information that requires the protections provided in this Stipulated Protective Order. The designation by any Producing Party of Discovery Material as "Confidential" shall be made only after review by an attorney for the Producing Party based on a good faith belief that there is a valid basis for such designation.

3. This Stipulated Protective Order applies to any materials produced in this action that the Producing Party designates as "Confidential" or "Confidential — Attorneys' Eyes Only" by so stamping, labeling, marking or writing, or by any other physical indication whatsoever. All such items marked "Confidential" or "Confidential — Attorneys' Eyes Only" shall be treated as such for purposes of this Stipulated Protective Order. The Producing Party may also designate documents as "Confidential" or "Confidential — Attorneys' Eyes Only" by written notice to opposing counsel which identifies the documents so designated by Bates number or other reasonable identifying characteristic, and such designation may be made after production in the event a party inadvertently failed to so mark such document(s) as "Confidential" or "Confidential — Attorneys' Eyes Only."

4. If a Producing Party believes in good faith that there is a substantial risk of identifiable harm if particular documents or other materials it designates as "Confidential" are disclosed to other Parties or non-parties to this action, the Producing

Party may designate those particular documents or other materials as "Confidential — Attorneys' Eyes Only." The designation as "Confidential – Attorneys' Eyes Only" shall be made only after review by an attorney for the Producing Party based on a good faith belief that there is a valid basis for such designation.

5. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or other materials subject to this Stipulated Protective Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential" or "Confidential — Attorneys' Eyes Only" and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

6. All documents, transcripts, or other materials subject to this Stipulated Protective Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated "Confidential" or "Confidential — Attorneys' Eyes Only" hereunder) shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Stipulated Protective Order.

7. Except with the prior written consent of the individual or entity designating a document or portions of a document or any other information as "Confidential," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential" treatment under this Stipulated Protective Order, and any information

contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Stipulated Protective Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; (e) present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure); and (f) experts specifically retained as consultants or expert witnesses in connection with this litigation.

8.  Except with the prior written consent of the individual or entity designating a document or portions of a document or any other information as "Confidential — Attorneys' Eyes Only," or pursuant to prior Order after notice, any document, transcript or pleading given "Confidential — Attorneys' Eyes Only" treatment under this Stipulated Protective Order, and any information contained in, or derived from, any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated "Confidential — Attorneys' Eyes Only" hereunder) may not be disclosed other than in accordance with this Stipulated Protective Order and may not be disclosed to any person other than: (a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation; (b) experts

specifically retained as consultants or expert witnesses in connection with this litigation who have signed the Declaration of Compliance, attached hereto as Exhibit A; (c) the Court and its personnel; (d) court reporters and their staffs; (e) the author of the document or the original source of the information; and (f) professional vendors to whom disclosure is reasonably necessary for this litigation.

9. All persons, excluding those identified in Paragraphs 7(a)-7(c), 8(a) and 8(c)-(e), receiving any or all documents or any other information produced pursuant to this Stipulated Protective Order shall be advised of their confidential nature and must sign the Declaration of Compliance, attached hereto as Exhibit A, before receiving any such documents or information. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcripts shall disseminate or disclose them to any person other than those described above in Paragraphs 7and 8 and for the purposes specified, and in no event shall such person make any other use of such documents, information, or transcripts.

10. A copy of this Stipulated Protective Order shall be served with a subpoena or Notice of Deposition on any third party. A third party may designate a document as "Confidential" or "Confidential — Attorneys' Eyes Only" pursuant to this Stipulated Protective Order. Either party may also designate documents produced by a third party as being "Confidential" or "Confidential — Attorneys' Eyes Only" pursuant to the terms of this Stipulated Protective Order within thirty (30) days of being made aware of the

5

content of such documents. Any document produced by a third party shall be treated as "CONFIDENTIAL" pursuant to the terms of this Order for such thirty (30) day period and thereafter if designated as "Confidential" or "Confidential — Attorneys' Eyes Only" by either party or by the third party who produced it. The "Confidential" or "Confidential — Attorneys' Eyes Only" restrictions of this Stipulated Protective Order shall no longer apply to any document produced by a third party that has not been designated as "Confidential" or "Confidential — Attorneys' Eyes Only" by the producing third party or by a party within such thirty (30) day period.

11. Nothing in this Stipulated Protective Order shall prevent a party from using at trial any information or materials designated "Confidential" or "Confidential — Attorneys' Eyes Only;" provided, however, appropriate steps are taken to protect the confidential information therein.

12. This Stipulated Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Stipulated Protective Order, nor the designation of any information, document, or the like as "Confidential," or "Confidential — Attorneys' Eyes Only," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

13. Within sixty (60) days after the final termination of this litigation, all materials afforded confidential treatment pursuant to this Stipulated Protective Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall

6

be returned to the individual or entity having produced or furnished the same or destroyed at the option of the party producing or furnishing the same.

14. In the event that any party to this litigation disagrees at any point in these proceedings with any designation of confidentiality made under this Stipulated Protective Order, the parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may seek appropriate relief from this Court. During the pendency of any challenge to the designation of a document or information as confidential, the designated document or information shall continue to be treated as "Confidential" or "Confidential — Attorneys' Eyes Only," subject to the provisions of this Stipulated Protective Order.

15. This Stipulated Protective Order shall be without prejudice to the right of any of the parties of this action (a) to bring before this Court at any time the question of whether any particular information is or is not relevant to any issue of this case or whether any information is or is not confidential; (b) to seek a further protective order; (c) to exercise any right or raise any objection otherwise available under the rules of discovery or evidence; or (d) by application and notice, to seek relief from any provision of this Stipulated Protective Order on any ground. During the pendency of any challenge to the applicability of this Stipulated Protective Order to any document, information or thing, however, said document, information or thing shall remain subject to the provisions of this Stipulated Protective Order.

16. If a party that receives Protected Documents or Confidential Information discovers that, whether through inadvertence or otherwise, it has disclosed or provided documents or information designated as "Confidential" to any person or entity not

7

authorized to review it under the terms of this Stipulated Protective Order, then that party shall promptly (a) make reasonable best efforts to seek the return of the documents or information, (b) inform the other party of the disclosure and the relevant circumstances (including the identity(ies) of the person or entity to whom disclosure was made), and (c) advise the recipient of the provisions of this Stipulated Protective Order and request that they agree to its terms in writing by signing the Declaration of Compliance, attached hereto as Exhibit A.  This paragraph does not limit the remedies that the other party may pursue for breach of this Stipulated Protective Order.

      17.    This Stipulated Protective Order does not authorize or require disclosure of documents or information protected by or subject to claims of privilege or protection, including but not limited to the attorney-client privilege or work product protection. Pursuant to Federal Rule of Evidence 502, the parties agree and this Court orders that if a party inadvertently or mistakenly produces documents or information subject to a claim of privilege or protection, such production will not operate as a waiver of the otherwise applicable privilege or protection.  Upon receipt of written notice identifying privileged or protected documents that were inadvertently or mistakenly produced, the receiving party shall within ten (10) business days: (a) return or certify the destruction of all such documents and (b) destroy work product or portions of any work product containing or reflecting their contents.  This provision shall not affect any rights of the party returning such inadvertently produced documents to move for *in camera* inspection of the documents and to compel production of the returned documents all in accordance with Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B).

18. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Stipulated Protective Order.

19. The parties are not required to provide privilege logs for written communications or other documents created on or after the filing of the Complaint for which attorney-client privilege or work-product protection is claimed. For all other documents, the parties shall follow the Court's standard requirements for privilege logs.

20. In the event that any party is subpoenaed or served with any other legal process by a person or entity not a party to this litigation and is thereby requested to produce or otherwise disclose "Confidential" or "Confidential — Attorneys' Eyes Only" information that was so designated by another party, the party subpoenaed or served as referred to in this paragraph shall object to the production of the "Confidential" or "Confidential — Attorneys' Eyes Only" information by setting forth the existence of this Stipulated Protective Order and shall give prompt and immediate written notice to the party who produced the "Confidential" or "Confidential — Attorneys' Eyes Only" information in this litigation and its attorneys. Nothing in this Stipulated Protective Order shall be construed as requiring the party from whom "Confidential" or "Confidential — Attorneys' Eyes Only" information was requested to challenge or appeal any order requiring production of "Confidential" or "Confidential — Attorneys' Eyes Only" information covered by this Stipulated Protective Order, to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court. Notwithstanding the other provisions of this paragraph, a party from whom

"Confidential" or "Confidential — Attorneys' Eyes Only" documents or information are subpoenaed or otherwise required by a governmental agency must notify the entity requesting the documents or information of its "Confidential" or "Confidential — Attorneys' Eyes Only" status, and may ultimately produce the documents or information to that agency without itself making objections, but shall provide prompt and immediate written notice of any issuance of any such subpoena to the party who disclosed the "Confidential" or "Confidential — Attorneys' Eyes Only" information and their attorneys.

21. The Court retains the right to allow disclosure of any subject covered by this Stipulated Protective Order or to modify this Stipulated Protective Order at any time in the interest of justice.

22. All ethical, legal, and equitable rights and obligations not addressed in this Stipulated Protective Order remain in force.

Dated this 3rd day of February, 2015

        WILLIAM M.W. SHARP, d/b/a ADAMS BROS. & CO., Plaintiff,

By: /s/Kenneth W. Hartman
    William G. Dittrick (NE# 11024)
    Jennifer D. Tricker (NE# 23022)
    Kenneth W. Hartman (NE# 21954)
of  BAIRD HOLM LLP
    1700 Farnam Street
    Suite 1500
    Omaha, NE 68102-2068
    Phone: 402-344-0500
    wdittrick@bairdholm.com
    jtricker@bairdholm.com
    khartman@bairdholm.com

CHERRY-TODD ELECTRIC COOP, INC., Defendant,

By: /s/Steven E. Guenzel
    Steven E. Guenzel (NE# 15677)
of  JOHNSON, FLODMAN, GUENZEL
     & WIDGER
    1227 Lincoln Mall
    PO Box 81686
    Lincoln, NE 68501
    Phone: 402-475-4240
    sguenzel@johnsonflodman.com

IT IS HEREBY ORDERED.

Dated this 4th day of February, 2015.

The Honorable Thomas D. Thalken
United States Magistrate Judge

# EXHIBIT A
## DECLARATION OF COMPLIANCE

I have read the Stipulated Protective Order entered by the United States District Court for the District of Nebraska in the action entitled *William M.W. Sharp, d/b/a Adams Bros. & Co. v. Cherry-Todd Electric Coop, Inc.*, Case No. 7:14-CV-05014. I understand the Stipulated Protective Order is a court order designed to preserve the confidentiality of information designated under the terms of the Stipulated Protective Order. I agree to comply with all provisions of the Stipulated Protective Order. I will also ensure compliance with the Stipulated Protective Order by my employees and/or agents whom I assign to work on this litigation, if any, and will require each employee or agent to complete a Declaration of Compliance before providing them with any "Confidential" or "Confidential — Attorneys' Eyes Only" documents or information. I also hereby submit myself to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of any provision of the Stipulated Protective Order.

Dated: _____     _____
                                                                   Signature


                                                                    _____
                                                                    Name (Print)